## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JLYN BRYANT et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-404-G** |
| | ) | |
| **OKLAHOMA'S FEDERAL** | ) | |
| **CREDIT UNION et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

On June 20, 2024, the Court granted Plaintiffs Jlyn Bryant and Joecelyne Acuna's Amended Motion to Amend Complaint (Doc. No. 10).  *See* Order (Doc. No. 17).  The Order stated that Defendant (now identified as Oklahoma's Federal Credit Union) had not responded to Plaintiffs' Motion in the time allowed by the Court's local rules.  *See id.* Further review of the record reflects that Defendant had timely submitted an objection.  *See* Def.'s Obj. (Doc. No. 13).

Having now reviewed Defendant's Objection, the Court sees no reason to vacate or modify its prior order and here reaffirms its ruling.  While the Court has considered Defendant's representations as to delay and prejudice, Federal Rule of Civil Procedure 15(a)(2) prescribes that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Under this Rule, courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

The Court finds that justice requires allowing Plaintiffs to amend their complaint to add an additional defendant and additional factual allegations.  The Amended Complaint (Doc. No. 18) is therefore accepted as properly filed.

IT IS SO ORDERED this 27th day of June, 2024.

CHARLES B. GOODWIN
United States District Judge