UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JLYN BRYANT et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-24-404-G |
| | ) |
| OKLAHOMA'S FEDERAL | ) |
| CREDIT UNION et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Now before the Court is Plaintiffs Jlyn Bryant and Joecelyne Acuna's Motion for Leave to File Supplemented Complaint (Doc. No. 36). Defendant Oklahoma's Federal Credit Union has filed a Response (Doc. No. 37), to which Plaintiffs have replied (Doc. No 38). Defendant Brantley & Brantley Adjusters did not respond to Plaintiffs' Motion.

*I.   Background*

In the currently operative Amended Complaint (Doc. No. 18), Plaintiffs bring federal and state-law claims, including claims of breach of contract and violation of consumer credit protection laws, based upon their consumer credit transaction with Defendant Oklahoma's Federal Credit Union ("OFCU"). *See id.*

Plaintiffs now seek to supplement and amend their pleading with new factual allegations and claims.[1] In support, Plaintiffs argue that Defendant OFCU continues to engage in the improper practices alleged in the Amended Complaint. *See* Pls.' Mot. at 1.

---

[1] As discussed herein, to the extent Plaintiffs seek to amend the operative complaint to assert claims that arose out of the conduct, transaction, or occurrence set out or attempted

*II.*     *Relevant Standard*

Rule 15(a)(2) of the Federal Rules of Civil Procedure prescribes that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, district courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

Rule 15(d) of the Federal Rules of Civil Procedure provides that "the court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). "The court may permit supplementation even though the original pleading is defective in stating a claim or otherwise." *Id.* "Rule 15(d) gives trial courts broad discretion to permit a part to serve a supplemental pleading setting forth post-

---

to be set out in the Amended Complaint, their request is considered as one to amend the pleading under Federal Rule of Civil Procedure 15(a).

complaint transactions, occurrences or events." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citation omitted); se*e also Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) ("Supplemental pleadings are . . . appropriate to set forth new facts in order to update an earlier pleading." (alteration and internal quotation marks omitted)). A district court's authorization to permit a party to serve a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker*, 240 F.3d at 1278 (internal quotation marks omitted).

### III. Discussion

Defendant OFCU opposes the requested relief, contending that amendment is not proper under Rule 15(a). To this end, Defendant OFCU first argues that Plaintiffs' request is futile. *See* Def.'s Resp. at 2. Defendant OFCU does not provide reasoned discussion or explanation for this argument and therefore has not shown that Plaintiffs' request should be denied on the basis of futility.

Defendant OFCU also argues that Plaintiffs' amendment is sought in bad faith and with a dilatory motive, *see id.* at 2-3, circumstances that would warrant denial of leave to amend, *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The only evidence of bad faith or dilatory motive to which Defendant OFCU points, however, is the timing of Plaintiffs' request. Specifically, Defendant OFCU argues that the request, having been made while Defendant OFCU's Motion to Dismiss is pending and after ample opportunity to address issues earlier, was done to delay proceedings and complicate Defendant OFCU's case. *See* Def.'s Resp. at 3. But this complaint regarding timing fails to sufficiently show either bad faith or dilatory motive, particularly in light of Plaintiffs' pro se status.

Lastly, Defendant OFCU argues that granting the request is unfairly prejudicial because additional time to investigate new claims, prepare responses, or adjust legal strategy may be required as a result. *See id.* While the foregoing occurrences may be burdensome, the Court will permit reasonable extensions as necessary, and they are not so unduly prejudicial as to preclude amendment under Rule 15(a).

While Defendant OFCU characterizes Plaintiffs' request as one to amend, Plaintiffs also ask to supplement their pleading. "The purpose of a supplemented complaint is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Zuniga v. TrueAccord*, No. Civ. 18-683, 2020 WL 2558229, at *2 (D.N.M. May 20, 2020) (internal quotation marks omitted).

In support of their request to supplement, Plaintiffs argue that important events have occurred since the filing of the Amended Complaint. *See* Pls.' Mot. at 2. Specifically, Plaintiffs cite Defendant OFCU's reporting of Plaintiffs' credit information as significant information to include in considering the disputed transaction between the parties. As a result, Plaintiffs argue that supplementation is necessary to help support and further prove their claims. *See id.*

Under these circumstances, the Court finds that Defendant OFCU's reporting of credit information reasonably can be classified as a transaction, occurrence, or event that occurred after the filing of her original complaint. Allowing the proposed supplement would properly serve the purpose of Rule 15(d).

CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Supplemented Complaint (Doc. No. 36) is GRANTED. Plaintiffs shall separately file the proposed Second Amended Complaint (currently presented as an exhibit to their Motion) within seven (7) days of the date of this Order.

IT IS FURTHER ORDERED that Defendant Oklahoma's Federal Credit Union's Motion to Dismiss (Doc. No. 22) and Defendant Brantley & Brantley Adjusters' Motion to Dismiss (Doc. No. 29) are DENIED AS MOOT.

IT IS SO ORDERED this 25th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge