UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JLYN BRYANT et al., )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>OKLAHOMA'S FEDERAL )<br>CREDIT UNION et al., )<br>)<br>   Defendants. ) | Case No. CIV-24-404-G |

## ORDER

Plaintiffs Jlyn Bryant and Joecelyne Acuna initiated this action in Oklahoma County District Court, bringing federal and state-law claims against Defendant Oklahoma's Federal Credit Union ("OFCU"). *See* Pet. (Doc. No. 1-1) at 4. Defendant OFCU removed the case to this Court on the basis of federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). *See* Notice of Removal (Doc. No. 1) at 2; *see also* 28 U.S.C. § 1367.

Following removal, Plaintiffs filed an Amended Complaint (Doc. No. 18) and then a Second Amended Complaint (Doc. No. 40), which is now the operative pleading. The Second Amended Complaint adds a state-law civil conspiracy claim against Defendant Brantley & Brantley, Adjusters ("Brantley"). *See* Second Am. Compl. at 2, 8, 12-13. Importantly, however, the Second Amended Complaint omits any assertion of a federal claim, instead suing Defendant OFCU only for breach of contract, violation of Oklahoma statute, and civil conspiracy under state law. *See id.* at 2-13.

The Supreme Court has recently explained that such an amendment deprives a federal district court of supplemental jurisdiction over the remaining state-law claims:

> When a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025). Because 28 U.S.C. § 1367 "contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew," "[i]f nothing in the amended complaint now falls within the federal court's original jurisdiction, then neither does anything fall within the court's supplemental jurisdiction." *Id.* at 34 (alteration and internal quotation marks omitted).

As an amendment to "cut[] out all" federal claims is precisely what has been effected by Plaintiffs in the Second Amended Complaint, and the record does not reflect that the parties are completely diverse, the case must "return to state court." *Id.* at 26, 39; *see* 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to mail a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 11th day of March, 2026.

*[signature]*
CHARLES B. GOODWIN
United States District Judge